**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DAVID LYNN,** | :     No. 3:12cv1710 |
| **Petitioner** | : |
| | :     **(Judge Munley)** |
| **v.** | :**(Magistrate Judge Schwab)** |
| | : |
| **WARDEN JEROME WALSH,** | : |
| **Respondent** | : |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition is the report and recommendation (hereinafter "R&R") of Magistrate Judge Susan E. Schwab suggesting the denial of John David Lynn's (hereinafter "petitioner") petition for a writ of habeas corpus.  Petitioner has filed objections to the R&R.  The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background** [1]

In 2009, a York County Pennsylvania jury convicted petitioner of two counts of burglary, multiple counts of theft, multiple counts of receiving stolen property, one count of resisting arrest, and one summary offense of criminal mischief.  (Doc. 43, R&R at 1).  The convictions related to a string of break-ins at businesses in York County occurring from December 25,

---

[1]Neither party objects to the R&R's recitation of the facts that we cite to for this brief background section.

2006 through January 21, 2007. (Id. at 2).   Specifically, the jury convicted petitioner of charges relating to the following five businesses:   Choice Tobacco Outlet, York Blue Moon Café, Pizza Express and Jim's Auto Repair.[2]   (Id.)  The court sentenced petitioner to an aggregate term of imprisonment of seven and a half (7 ½) to fifteen (15) years.  (Id. at 1).

After the trial, petitioner filed post-sentence motions.  (Id. at 22).  The trial court denied the motions.  (Id.)  Petitioner then appealed to the Pennsylvania Superior Court.  (Id.)   The Superior Court affirmed the judgment of sentence.  (Id.)  Petitioner then sought an allowance of appeal from the Pennsylvania Supreme Court, which the court denied.  (Id.)

Subsequent to his appeals, petitioner filed a motion under the Pennsylvania Post Conviction Relief Act (hereinafter "PCRA") in which he alleged ineffectiveness of counsel.  (Id. at 23).  The trial court denied the

---

[2]Specifically the jury found defendant guilty of the following: Theft by unlawful taking, receiving stolen property and criminal mischief with regard to Pizza Express; Burglary, theft by unlawful taking (two counts), receiving stolen property (two counts) and resisting arrest with regard to Jim's Auto Express; Receiving stolen property with regard to the York Blue Moon Café; and Burglary with regard to the Choice Cigarettes Outlet.  The jury found him not guilty of burglary and theft by unlawful taking with regard to the York Blue Moon Café.  A judgment of acquittal was entered with regard to charges of burglary and theft by unlawful taking with regard to the charges related to the Buy Rite Beer Distributor.   (Doc. 13-3, at 103-05).

motion, and the Superior Court affirmed the denial.  (Id. at 23).   Petitioner

then filed the instant petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 (hereinafter "section 2254").  (Doc. 1).

The Clerk of Court assigned the case to Magistrate Judge Susan E.

Schwab for the issuance of an R&R.  Magistrate Judge Schwab appointed

counsel to the petitioner and held a hearing on his claims.  (Doc. 17, Doc.

37).   After the hearing, she wrote a detailed and thorough R&R that

suggests denying the instant petition for a writ of habeas corpus.  (Doc. 43,

R&R).   Petitioner has filed several objections to the R&R. (Doc. 49,

Objections).   We will address them in turn.

**Jurisdiction**

Section 2254 confers jurisdiction on United States district courts to

issue a "writ of habeas corpus in behalf of a person in custody pursuant to

a judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2254(a).

**Legal standard**

In disposing of objections to a magistrate judge's R&R, the district

court must make a *de novo* determination of those portions of the report

3

against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also

Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may

accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.  Henderson v. Carlson,

812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive

further evidence or recommit the matter to the magistrate judge with

instructions.  Id.

A different standard is applied to portions of the R&R to which

objections are not made.  To decide whether to adopt these portions of the

R&R, we must determine if a review of the record evidences plain error or

manifest injustice.  FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes

("When no timely objection is filed, the court need only satisfy itself that

there is no clear error on the face of the record to accept the

recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at

1085.

In the instant case, the R&R discusses a section 2254 petition for a

writ of habeas corpus.  Such a petition may only raise issues that have

been exhausted in the state court system.  28 U.S.C. § 2254(b).  We

cannot grant such a petition unless the adjudication of the claim in state

4

court:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This standard "demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster,- - U.S. - - , 131 S.Ct. 1388, 1398 (2011) (internal quotation marks and citation omitted).

Petitioner's section 2254 petition raises issues of ineffective assistance of counsel.  The United States Supreme Court has explained that the Sixth Amendment to the United States Constitution entitles all criminal defendants to "reasonably effective [legal] assistance."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prevail on an ineffective assistance claim, a petitioner must establish the following two elements: 1) deficient performance from counsel; and 2) prejudice.  McBride v. Superintendent, SCI Houtzdale, 687 F.3d 92, 102 (3d Cir. 2012).

The first factor, "deficient performance" means that "counsel's

5

representation fell below an objective standard of reasonableness[.]" Id. (quoting Strickland, 466 U.S at 688).  "In scrutinizing counsel's performance, [the court] must be highly deferential and refrain from second-guessing counsel's assistance after conviction or adverse sentencing, as it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (internal brackets, quotation marks and citation omitted).

The second requirement for a finding of unconstitutional ineffectiveness of counsel is that counsel's deficient performance prejudiced the defense.  To establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. n.11 quoting Strickland, 466 U.S. at 694.

Guided by these standards, we turn to the issues raised by the petitioner.

**Discussion**

Petitioner objects to five (5) portions/conclusions of the R&R.  We will

address each in turn.

## I.  Items taken from the Blue Moon Café

Petitioner first objects to the R&R's review of trial testimony regarding the items stolen from the Blue Moon Café.  (Doc. 43, R&R at 12).  He states that page 12 of the R&R indicates that the Café's owner identified the property taken from the Blue Moon Café.  According to the petitioner, the trial testimony at best, however, supported a finding that police recovered items similar to those taken from Blue Moon.  We disagree.

The testimony revealed that the Café's owner identified a bottle of liquor that was missing from his inventory as well as the pour spout that was in it.  (Doc. 13-2, 76-77).  These items were evidently found where the petitioner was staying, and they were returned to the  Café's owner.  (Id. at 77).  This objection thus lacks merit.  Moreover, the objection does not affect the substance of petitioner's case.  Accordingly, the court will overrule petitioner's objection on this issue.

## II.  Alibi Witness

Petitioner's next objections deals with the trial testimony of Vincent Rice.  Petitioner presented Rice to provide him an alibi for one of the burglaries - the Blue Moon Restaurant, which occurred on January 7th.

7

Evidently, Rice mis-spoke in his testimony and indicated that petitioner stayed with him on January 8th. (Doc. 43, R&R at 20). The trial judge subsequently clarified Rice's testimony and indicated that the Blue Moon robbery occurred on January 7 and that that is the night that Rice recalled petitioner staying with him. (Doc. 13-3 at 32-33). The petitioner objects because the R&R does not highlight this subsequent clarification by the trial court judge. To the extent that the R&R fails to acknowledge this subsequent clarification by the trial court judge, it will not be adopted. This issue, however, is merely a potential misstatement of a portion of trial testimony and does not affect the substance of petitioner's claims.

## III. Guilty plea of witness Robert Bupp

Petitioner's third issue addresses the substance of his claims. At trial, Robert Bupp testified as one of the prosecution's lead witnesses. Previously, he had pled guilty to taking part in several of the crimes involved, and he testified as to petitioner's role in these crimes. Generally, a cautionary jury instruction is needed in such instances where a witness indicates that he has pled guilty to his participation in the crimes at issue. The instruction informs the jury that it cannot use the witness's guilty plea as evidence of the defendant's guilt. Trial counsel did not ask for such a

8

cautionary jury instruction.  Petitioner argues that trial counsel was

ineffective for not requesting such a charge.  The R&R concludes that

petitioner's claim is without merit because he was not prejudiced by the

lack of a cautionary charge.  Petitioner objects to this conclusion.

The petitioner raised this issue in his PCRA petition and the PCRA

court held as follows:

> The point is that [petitioner] was found guilty of the
> crimes because of all the evidence presented
> during his trial.  It is very unlikely that had this Court
> provided the jury with a special instruction regarding
> the co-defendant's guilty plea, the verdict would
> have been different.  Hence, this Court concluded
> that [petitioner] was not prejudiced by [trial
> counsel's] failure to request a special instruction.  .  .
> .  Moreover, at trial, the Court gave an instruction to
> the jury explaining how the jury was to limit their
> consideration of the evidence as bearing solely on
> the co-defendant's credibility.  As a result,
> [petitioner's] appeal regarding this issue is without
> merit.

(Doc. 13-4, Trial Court Opinion dated May 3, 2011 at 179).

The Pennsylvania Superior Court adopted this reasoning.  (Doc. 13-

4, at 4).  Likewise, the R&R concludes that the petitioner did not suffer

prejudice because of all the other evidence presented against the

defendant and because of an instruction the court provided on the use of

prior convictions at trial.  After a careful review, we find that the state

9

court's adjudication of this issue is not contrary to, or involve an

unreasonable application of, clearly established Federal law.

   As noted above, to prevail on an ineffective counsel claim, a

petitioner must prove both that his attorney performed deficiently and that

that deficient performance prejudiced the petitioner.  Here, the petitioner

has not established prejudice.

   The law provides generally that when a co-defendant's guilty plea is

entered into evidence, that plea cannot be used as evidence of the

defendant's guilt.   Bisaccia v. Att'y Gen. of N.J., 623 F.2d 307, 312 (3d

1980).  Rather, it may be used to gauge the credibility of the witness who

pled guilty.  The Third Circuit Court of Appeals has explained as follows:

> "We have repeatedly held that the government may
> [not] introduce a witness's guilty plea ... as
> substantive evidence of a defendant's guilt." United
> States v. Universal Rehab. Servs. (PA), Inc., 205
> F.3d 657, 668 (3d Cir. 2000).  However, a witness's
> guilty plea is admissible for other purposes, such as
> informing the jury's assessment of witness
> credibility and bias, rebutting any notions of
> selective prosecution, or substantiating a witness's
> personal knowledge of the "defendant's misdeeds,"
> United States v. Gaev, 24 F.3d 473, 476-77 (3d Cir.
> 1994), so long as any lingering "prejudicial effect" is
> "cured through a curative instruction to the jury."
> Universal Rehab., 205 F.3d at 668. When a proper
> curative instruction has been issued, we do not
> ascribe a prejudicial understanding to the jury if

10

> doing so would require jurors to "possess an unlikely combination of shrewdness (to invent the argument) and obtuseness (to ignore the obvious meaning of the instruction)." <u>United States v. Rivas</u>, 493 F.3d 131, 138 (3d Cir.2007).

<u>United States v. Chaffo</u>, 452 F. App'x 154, 157 (3d Cir. 2011).

Here, in accordance with the law, the court admitted the evidence to be used to reflect on the witness's credibility, not to prove the defendant's guilt. The theory being that he cooperated with and testified for the prosecution so that he could get a favorable sentence after already pleading guilty himself. Thus, he had a motive to testify in the manner that the prosecution sought, irrespective of the truth. Defense counsel cross-examined Bupp on this issue, and Bupp admitted that he hoped to obtain a lighter sentence in return for his cooperation in petitioner's prosecution. (Doc. 43, Trial Transcript at 154-55). In fact, he indicated that he hoped to "go home," i.e. not serve any more time for his part in the crimes, in return for his assistance with the prosecution. (<u>Id.</u>)

As set forth above, the court should have provided a jury instruction indicating that Bupp's guilty pleas could not be used as evidence against the petitioner. The court did not provide such an instruction. The court, however, did instruct the jury generally that witnesses's prior convictions

11

regarding crimes involving dishonesty could be used by the jury only for purposes of judging the witness's credibility.  (Doc. 13-3 at 93-94). Specifically, the court stated: "The only purpose you may consider these prior convictions for is that they might shed light upon whether or not you believe their testimony during the course of this trial."  (Id. at 94). Petitioner cites to nothing in the record that indicates anyone ever suggested that the jury could use the guilty pleas as substantive evidence against the petitioner.

Moreover, as noted in the R&R, other evidence adduced at trial indicated the petitioner's guilt.  In his brief in support of his objections, the petitioner argues: "Absent the testimony of Bupp, the evidence adduced at Lynn's trial was clearly insufficient to support an [sic] conviction."  (Doc. 50, Pet. Supp. Br. at 32).  This argument, however, is misplaced.  The issue is not whether the admission of Bupp's *testimony* prejudiced petitioner, but whether the petitioner was prejudiced by the failure to instruct the jury not to use Bupp's guilty plea against the petitioner.  This issue has nothing to do with whether the jury should have been provided Bupp's testimony. Petitioner has thus not raised a convincing argument with regard to this

12

objection and it will be overruled.[3]

In support of his position, the petitioner cites to <u>Bisaccia v. The Attorney General of New Jersey</u>, 623 F.2d 307 (3d Cir. 1980).   In <u>Bisaccia</u>, the Third Circuit Court of Appeals held that a limiting instruction was necessary with regard to a co-defendant's guilty plea and reversed the denial of a petition for a writ of habeas corpus.  <u>Id.</u> at 313.  Petitioner asserts that the <u>Bisaccia</u> case is similar to his case because in each the prosecution referred to the plea deal in the closing arguments.  <u>Bisaccia</u>, however, is very different from the instant case.

The closing argument in <u>Bisaccia</u> referenced the witness's guilt and indicated that it could be used as evidence of the defendant's guilt.  <u>Id.</u> at 308-09.   In the instant case, the prosecution discussed Bupp's plea only in the context of credibility and the fact that he was looking for a better sentence by testifying against the petitioner. In other words, the closings in the two cases are different because in <u>Bisaccia</u> the prosecution argued that it was more likely that the defendant was guilty based on the witness's

---

[3]Additionally, petitioner argues: "[W]ithout the testimony of Bupp, there was no evidence that would satisfy the critical elements of the offenses related to Pizza Express and Jim's Auto that [Petitioner] knowingly took items from these establishments."  (Doc. 50, Pet. Supp. Br. at 33). Once again, however, no reason exists to exclude Bupp's testimony while analyzing this issue.

plea and the inference in the instant case is that the witness was less

credible because of the guilty plea.  In fact, the petitioner points to nothing

in the record that indicates that anyone argued to the jury that they could

use Bupp's guilty plea as evidence against the petitioner.

Accordingly, this ground does not provide a basis for habeas corpus

relief.   Although the law provides that the jury charge should have been

provided, the petitioner suffered no prejudice from the failure of the trial

court to provide the charge.  The trial judge did charge the jury on the use

of prior convictions with regard to credibility of the witnesses themselves.

A great amount of other evidence supported the convictions, and no one

argued anything, besides credibility regarding the prior guilty pleas.

## IV.  Plea Deal of witness Robert Bupp

The next issue involves the consideration Bupp received from the

government for cooperating in petitioner's prosecution.  Petitioner alleges

that Robert Bupp received greater consideration for his testimony than the

government disclosed to the defense at trial.  Specifically, Bupp's plea deal

included two retail thefts, that were not revealed to the defense and a sex

case that the defense indicated would not be part of the deal.  After the

trial, it became apparent that the deal was different from how the

14

prosecution presented it to the petitioner at trial.   Petitioner argues that his trial counsel was ineffective for not raising this issue in post-trial motions and for not pursuing what he deems to be "prosecutorial misconduct."   The R&R found that petitioner is not entitled to relief based on this claim, and the petitioner objects.

With regard to this issue, the trial court concluded that "[t]he record clearly shows that the defense was aware that the co-defendant was testifying hoping that he would get a reduced sentence if he testified at trial against [petitioner]."  (Doc. 13-4 at 183).  The court proceeded to note: "[B]oth attorneys, in their closing arguments, addressed the fact that co-defendant  [Bupp] was going to receive consideration for his testimony. Thus, it is reasonable to conclude that the jury was aware of this fact and took this information into consideration in weighting the credibility of the co-defendant during their deliberations."  (Id.)  The trial court concluded that trial counsel "had not provided ineffective assistance when she did not include in her Post-Sentence Motion for Relief on behalf of [petitioner] the fact that co-defendant's sentence had been reduced."  (Id. at 184).

The Pennsylvania Superior Court adopted this reasoning.  (Doc. 13-4 at 4).  After a thorough review of the petitioner's arguments and the

evidence, Magistrate Judge Schwab concluded as follows:

> Given the record as a whole and specifically Bupp's
> testimony that he believed [that he] was going to
> get consideration on his sentence for his testimony
> against [petitioner] and that he hoped to be going
> home, we cannot say that the result of the
> proceeding would have been different had the
> nature of the plea agreement been more fully and
> accurately set forth to either his defense or to the
> jury.  Thus, it was reasonable for the PCRA court to
> determine that [petitioner's] counsel was not
> ineffective by failing to raise the issue in post-trial
> motions.
> (Doc. 43, R&R at 54).

We agree with the R&R.  The jury was informed that the witness was

testifying in the hopes of getting a lighter sentence.  Although the specifics

of the witness's deal with the prosecution may ultimately have been

different from what it revealed to the petitioner at the time of trial, we

cannot find  "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  See

McBride, 687 F.3d at 102 n.11.  The jury knew that Bupp made a deal in

the hopes of receiving a lighter sentence.  The jury was aware that it could

use the existence of this deal to assess the witness's credibility even

though the precise details of the deal may have not been revealed.

The Magistrate Judge also addressed the issue of whether the

prosecution denied petitioner due process by failing to disclose during

16

discovery and at trial the full extent of Bupp's plea bargain.   The PCRA

court mentioned this issue, but evidently did not address it in its opinion.

The R&R concludes that even if the prosecution did act improperly, the

petitioner was not deprived a fair trial.  We agree.

Again, the ultimate issue is whether the result of the trial would have

been different had the jury known that Bupp's deal included two additional

retail thefts, that the prosecution did not reveal to the defense and a sex

case that the defense indicated would not be part of the deal.  We find that

no such probability exists.  The witness made a deal with the government,

and the jury was aware of that.  They were aware that the witness hoped to

spend no additional time in jail due to the deal.

In support of his position petitioner cites to Jenkins v. Artuz, 294 F.3d

284 (2d Cir. 2002).  In that case, the court granted a writ of habeas corpus

to a state court prisoner because one of the trial witnesses testified

inaccurately as to a plea deal involved in the case.  Jenkins, however, is

different from the instant case.

In Jenkins, the witness testified that no deal existed with regard to his

testimony and the district attorney emphasized in her closing argument that

no deal existed and thus the witness had no motive to testify untruthfully.

17

Id. at 288-89.   In other words, the prosecutor failed to correct inaccurate testimony regarding the existence of a plea deal and also engaged in misconduct to conceal the existence of a cooperation agreement with the witness.   Id. at 290.

The facts of Jenkins are not analogous to this case.   The witness in this case, testified as to the deal and that he was testifying in the hopes of getting a lighter sentence.   The deal was not concealed, although the details of it were not accurately provided - that is not the same as denying the deal completely and then covering up its existence.   Accordingly, we find no prejudice to the petitioner and thus no constitutionally ineffective counsel.[4]

## V.  Merger of sentences

Petitioner next argues that two of his charges should have merged for sentencing.   His trial counsel did not appeal this issue to the Pennsylvania Superior Court, therefore she was ineffective according to the petitioner.   The R&R suggests that this issue lacks merit.   Petitioner objects.

---

[4]Petitioner also casts this issue as "prosecutorial misconduct." Regardless, of the theory under which he pursues the issue, however, we find that it lacks merit.

The facts surrounding this issue are as follows: With regard to the Jim's Auto Repair charges, the jury convicted petitioner of burglary, two counts of theft (one as to a Jeep and one as to tools etc.) and two counts of receiving stolen property (one as to the Jeep and one as to the tools etc.).  (Doc. 13-3, Trial Transcript at 104-05).  The trial court judge sentenced petitioner to twenty-four (24) months to forty-eight (48) months for the burglary of Jim's Auto Repair and twenty-four (24) months to forty-eight (48) months on the receiving stolen property conviction as to the Jeep.  (Doc. 2-1 at 98).  Petitioner argues that the receiving stolen property and burglary charge should have merged for purposes of sentencing and he should have received only one sentence.  Petitioner argues ineffectiveness of counsel for counsel's failure to raise this issue on direct appeal.[5]

The trial court found that the two convictions did not merge for sentencing because the crimes took place at different times and there was

---

[5]Petitioner also raises an issue of ineffectiveness for failure to raise this issue in post-sentence motions.  His counsel, however, did in fact raise the issue in post-sentence motions.  (Doc. 2-2 at 6-7).  Thus, this claim is without merit.

a break in petitioner's conduct.  (Doc. 13-4 at 240-41).[6]  The PCRA court

concluded as follows:

> In [petitioner's] case, two crimes took place
> because his criminal actions were not continuous
> and as such cannot merge.  Based on the facts
> established at trial, Appellant stole the Jeep
> Cherokee at some point before 4:00 a.m. on Jan.
> 21, 2007.  After stealing the vehicle he went back to
> the place where he was residing.  Later that
> morning, at approximately 10:30 a.m., Sergeant
> David Lash observed the same Jeep Grand
> Cherokee driving south on North George St. near
> East 7th Ave.  Lash followed the automobile and
> found it in an alley near 922 North Duke Street.  At
> that time, Jeffrey J. Clemens was driving the Jeep,
> [petitioner] was the front seat passenger, and
> Robert A Bupp was the rear seat passenger.  As
> Clements tried to put the vehicle in reverse,
> Appellant began pushing him out of the driver's
> door.  Clements and Bupp exited the vehicle and
> were taken into custody. [Petitioner] fled in the
> vehicle and left the area.

(Doc. 13-4, Opinion at 186).

Thus, the state trial court found two distinct crimes committed at

different times separated by a period of more than five hours.  The two

---

[6]The PCRA court determined that petitioner's argument lacked merit
because the elements of the crime of receiving stolen property and the
elements of theft each required proofed of at least one different element
and the offenses cannot merge.  (Doc. 13-4 at 239).  The Superior Court
did not agree with this analysis because petitioner argues about his
burglary and receiving stolen property convictions merging, not his
receiving stolen property and theft convictions.  (Id. at 260-61 n.6).

crimes are  1) theft of the Jeep; and 2) receiving stolen property with respect to the Jeep.  Evidently the receiving stolen property took place when he kicked Clements out of the Jeep and fled.  The merger issue lacks merit according to the PCRA court.  Thus, petitioner's counsel was not ineffective for failing to raise the issue.   The Pennsylvania Superior Court agreed that the two convictions arose from separate criminal episodes and did not merge with the burglary conviction.  (Id. at 260-61 n.6).

The R&R suggests that petitioner has not demonstrated that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings.  Petitioner objects.   The issue therefore is whether the Pennsylvania Superior Court properly decided that the receiving stolen property conviction as to the Jeep arose from a separate criminal episode from the burglary conviction and thus did not merge with it for purposes of sentencing.

The Pennsylvania Supreme Court has explained the standard for determining when convictions merge for the purposes of sentencing as follows:

21

>The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge. In order for two convictions to merge: (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts. If the crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate.

Commonwealth of PA v. Gatling, 807 A.2d 890, 899 (Pa. 2002) (footnote omitted).

Here, the merger analysis fails at the first step.  The offenses of theft and receiving stolen property stem from two different criminal acts.  The first is the theft of the Jeep from Jim's Auto.  Hours later the second criminal act occurred - the defendant pushed one of his confederates out of the Jeep, put himself in the driver's seat and fled the police.

Perhaps because merger is clearly inapplicable based upon these convictions, petitioner's argument actually challenges the conviction for receiving stolen property itself, not the PCRA court's analysis of the merger of the two convictions.  Specifically, petitioner argues that "[t]he trial transcript . . . is devoid of any evidence that Lynn ever gave up possession

22

of the Jeep." (Doc. 50, Br. in Supp. of Obj.)  This argument deals with whether the petitioner should even have been convicted of the receiving stolen property claim in the first instance.[7]  The sufficiency of the evidence, however, was challenged on direct appeal and petitioner has not asserted that trial counsel was ineffective regarding that issue.[8]  (Doc. 13-4, Trial Court opinion dated Dec. 3, 2008 at 12-13; Doc. 13-4, Superior Court decision dated Nov. 2, 2009, at 12 (discussing the sufficiency of the evidence)).

Accordingly, we find that petitioner has not established that his trial counsel was ineffective with regard to the merger issue and this issue does not provide grounds to grant the habeas corpus petition.

## VI. Character and bad acts evidence

_____

[7]The argument, with no citation to relevant caselaw, is that the petitioner never gave up the possession of the Jeep from the time it was stolen until the time the police eventually caught him.  Petitioner makes this argument despite evidently agreeing with the facts that at the time the police came upon the Jeep, he (the petitioner) had to physically push one of his confederates out of the driver seat before he got in it himself and sped away.

[8]Petitioner argues that his position is supported by the fact that at sentencing, the prosecution agreed that the receiving stolen property charge should merge with the theft charge (which had itself merged with the burglary charge).  Merely because the prosecution seemed to agree with the defense position, however, does not mean the court was bound to rule accordingly.

Finally, petitioner argues that the trial court admitted inadmissible character evidence and bad acts evidence.  Trial counsel did not object to this evidence, therefore, he was ineffective according to the petitioner.  The R&R states that this claim lacks merit.  Petitioner objects to that conclusion.

The R&R summarizes the evidence at issue as follows:[9]

> (1) Officer Jones's testimony that after Lynn was in custody, he searched Lynn and found a little baggie of marijuana;
> (2) Robert Bupp's testimony that everybody at the house smoked crack;
> (3) Bupp's testimony that crack is the reason they would burglarize stuff;
> (4) Bupp's testimony that on the night he and Lynn burglarized Pizza Express, they were looking to steal a generator;
> (5) Bupp's testimony that on the morning after the burglary of Jim's Auto Repair, they used the Jeep to drive to a Rutter's store where Lynn stole items;
> (6) Bupp's testimony that at the time the police stopped the Jeep, they were going into town to get drugs;
> (7) Milton Dean's testimony portraying Sherry Jones's house as a party house and his statement that they smoked marijuana;
> (8) Officer Allen's testimony that in Lynn's statement to the police about what happened on the night of the burglary of Jim's Auto Repair, Lynn mentioned going to a bar, doing crack cocaine, and

---

[9]Neither party objects to this summary.

24

trying to buy crack cocaine.
(Doc. 43, R&R at 61-61).

The law provides that Commonwealth may not introduce evidence of
a defendant's prior bad acts or crimes to prove the defendant's character in
order to show that on a particular occasion the defendant acted in
accordance with that character or trait.  PA. R. EVID. 404(b)(1).  Petitioner
argues that counsel was ineffective for failing to object to this evidence and
for failing to request a curative instruction.[10]

The R&R suggests that petitioner has not established that the
admission of this evidence prejudiced him.  We agree.  To establish
prejudice the petitioner must demonstrate "a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would
have been different.  A reasonable probability is a probability sufficient to
undermine confidence in the outcome."  McBride, 687 F.3d at 102 n.11
(quoting Strickland, 466 U.S. at 694).

The "other bad acts" evidence reflects on petitioner only fleetingly, if
at all.  In fact, as his trial counsel indicated at the PCRA hearing, the

---

[10]Of note is the fact that the rule is written in terms of the prosecution
admitting evidence.  In this instant case, much of the testimony at issue
was actually elicited through questions from the court, not the prosecuting
attorney.

evidence actually reflected poorly on the credibility of the various testifying

witnesses.  A limiting instruction would merely have highlighted the

evidence.  As addressed by all the previous court opinions, sufficient

evidence was presented to support petitioner's conviction.  The fact that

the jury convicted him does not indicate that it relied on this testimony

improperly.  Additionally, the jury did not convict petitioner on all of the

charges that the Commonwealth brought against him indicating that the

jury carefully sifted through the evidence presented at trial and made its

determination based on that.  It did not, as the petitioner suggests, label

him a person of bad moral character and convict him merely because of a

character trait.

For all of these reasons, we find the petitioner's argument to be

without merit.  This contention does not provide a reason to grant the

requested habeas corpus relief.

**Conclusion**

For the reasons set forth above, we will overrule petitioner's

objections and adopt the R&R.  Petitioner has not established that his

counsel performed ineffectively.  Specifically, he has not established that

he suffered any prejudice from any errors committed at trial or on appeal.

He has not demonstrated a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different.   Accordingly, the instant petition for a writ of habeas corpus will

be denied.  An appropriate order follows.


**Date: Feb. 17, 2015**                    **s/ James M. Munley**
                                           **Judge James M. Munley**
                                           **UNITED STATES DISTRICT COURT**